UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BERNARD, individually and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) THE NIELSEN COMPANY (US), LLC, ) ) Defendant. ) ) ) | Case No.: 1:25-cv-08449 **CLASS ACTION COMPLAINT** **JURY DEMAND** |

Plaintiff, Barbara Bernard, on behalf of herself and other similarly situated individuals, sues Defendant The Nielsen Company (US), LLC ("Nielsen") and alleges the following:

## NATURE OF ACTION

1. This case concerns prerecorded calls Nielsen placed to Ms. Bernard's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. Because prerecorded call campaigns are generally programmed to send messages to thousands of recipients *en masse*, Plaintiff brings this action on behalf of a proposed class of persons who also received Nielsen's prerecorded messages.

3. A class action is the best means of obtaining redress for the Nielsen's illegal conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Nielsen resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff Barbara Bernard is a resident of West Palm Beach, Florida.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant Nielsen is a limited liability company with its principal place of business within this district, in New York, NY.

## LEGISLATIVE BACKGROUND

9. The TCPA prohibits the use of a prerecorded voice in all calls made to cellular telephone numbers, but provides an affirmative defense for callers who placed the prerecorded voice with the prior express consent of the called party. 47 U.S.C. § 227(b)(1).

10. The TCPA provides a private cause of action to persons who receive calls in violation of this provision. 47 U.S.C. § 227(b)(3).

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, Ms. Bernard was the primary user of the telephone number (561)-225-XXXX ("Plaintiff's Number") and used this number for personal purposes, including inside her home.

12. Between July 1, 2025 and September 8, 2025, Nielsen's utilized automated equipment to place several prerecorded calls to Plaintiff's Number asking Plaintiff to participate in a ratings panel.

13. During these calls, Nielsen caused the following number to appear on Plaintiff's caller ID:  513-696-1920.

14. For instance, on July 30, 2025, Nielsen used a prerecorded voice to convey the following message during a call to Plaintiff's Number:

> "a radio and tv ratings panel. It's important that I get in touch with you so you don't miss your opportunity to count in the ratings. For more information about this opportunity or to opt out of prerecorded messages, please call us at 1 877 255 7551. Thank you."

15. Likewise, on August 28, 2025, Nielsen used a prerecorded voice to convey the following message during a call to Plaintiff's Number:

> "Hello, I am calling from Nielsen. We've had a hard time getting in touch with you about participating on a radio and tv ratings panel. For more information about this opportunity or to opt out of prerecorded messages, please call us at 1 877 255 7551. Thank you."

16. These prerecorded calls used a robotic sounding voice and contained snippets of identical content and cadence leaving no doubt that the calls were prerecorded.

17. Nielsen's actions harmed Plaintiff by intruding upon her seclusion, interfering with the legitimate use of her phone, wasting her time, and invading her privacy.

## **CLASS ACTION ALLEGATIONS**

18. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

19. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23(b)(3).

20. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

>All persons in the United States to whose (1) cellular telephone number (2) Defendant placed a prerecorded phone call (3) soliciting their participation in a ratings panel (4) within four years of the date of the Complaint.

21. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

22. The Class defined above is identifiable through phone records and Defendant's internal records.

23. Given the generic nature of the prerecorded call campaign, and the use of programmed, automated telemarketing equipment along with the fact that Defendant operates over fifty locations nationwide, the Class numbers at least in the hundreds. Individual joinder of these persons is impracticable.

24. Plaintiff is a member of the Class.

25. There are questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

- Whether Defendant utilized a prerecorded voice
- Whether Defendant had prior express consent
- Whether the actions of the Defendant were knowing or willful.

26. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

27. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the

Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

28.     Common questions of law and fact predominate over questions affecting only individual class members.

29.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were are all automated and made as part of the same telemarketing campaign.

30.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

31.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## **CAUSE OF ACTION**

### Count One – Prerecorded Calls

32.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     Defendant violated 47 U.S.C. § 227(b)(1)(A) by using a prerecorded voice in calls placed to \cellular telephone numbers.

34.     As a result of Defendant's violations, Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief:

A.    An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 and appointing the lawyers representing Plaintiff as counsel for the Class.

B.    An award of Statutory damages to Plaintiff and the Class for at least the statutory minimum of $500 per violation of the TCPA.

C.    An order finding Defendant's violations to be knowing or willful and trebling statutory damages to $1,500 per violation of the TCPA.

**JURY DEMAND**

Plaintiff demands a jury trial.

Respectfully Submitted,

PLAINTIFF, individually and
on behalf of others similarly situated,

By: *s/Timothy J. Sostrin*
Timothy J. Sostrin (pending admission pro hac vice)
Keith J. Keogh (pending admission pro hac vice)
KEOGH LAW, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
312-726-1092
tsostrin@keoghlaw.com
Keith@KeoghLaw.com

Scott D. Owens (pending admission pro hac vice)
SCOTT D. OWENS, P.A.
2750 N. 29th St., Ste. 209A
Hollywood, FL 33020
954-589-0588
scott@scottdowens.com

*Attorneys for Plaintiff*